{¶ 18} I concur with the opinion of the majority. I write separately to make two additional comments.
 {¶ 19} First, I would note that, although Appellant has argued that the trial court erred in failing to grant or continue a form of shared parenting, Appellant never filed a motion requesting shared parenting, and did not file a shared parenting plan. Both parents, Rachel and Wallace, separately requested to be designated the residential parent. Therefore, the trial court properly did not consider shared parenting.
 {¶ 20} Secondly, I would observe that certain temporary orders in this case, prior to the final decree of divorce, were referred to asjudgments. This is a misnomer and a common misuse of the term. Civ. R. 54 states that a judgment "as *Page 10 
used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." By definition, a judgment is a final appealable order, and no other. Better practice is to designate a temporary order, a continuance, a ruling on a motion, etc, as what it is, rather than to abuse the term judgment. Furthermore, the misuse of the term judgment tends to confuse parties, and, in some cases (apparently this case included), counsel. A caption such asOrders Pendente Lite, Temporary Orders, Ruling on Motion, Order ofContinuance, etc. serves the purpose of clarifying exactly what is contained in the entry, makes it much easier to find specific orders or rulings within a court file, and removes some of the confusion of what is, or is not, intended to be a final appealable order. *Page 1